SMITH, Chief Judge, concurring.
 

 I join my colleagues' sound reasoning in upholding the District Court's denial of qualified immunity and dismissing the remainder of the appeal. I write separately to highlight a concern with the structure of the order under review.
 

 When summary judgment has been denied on qualified immunity grounds, we have jurisdiction to "determine whether the facts identified by the District Court constitute a violation of a clearly established constitutional right."
 
 Atkinson v. Taylor
 
 ,
 
 316 F.3d 257
 
 , 261 (3d Cir. 2003). Here, the District Court addressed the summary judgment motion by issuing an order, unaccompanied by a supporting opinion. Instead, the order included a lengthy footnote setting forth the District Court's reasoning. This "footnote order" practice is frequently employed by our colleagues in the Eastern District of Pennsylvania, and it is not my desire to interfere with a longstanding custom and practice of that district. Indeed, in my view, there is nothing inherently problematic with so-called "footnote opinions." In this case, however, the footnote neglects to identify a single undisputed fact, and provides only cursory discussion-without reference to the evidence of record-to support the conclusion that disputes of material fact exist.
 

 Because Appellants have raised on appeal relatively narrow legal claims that are capable of resolution without the need to closely examine the nuances of the District Court's fact-finding, I see no need to remand this matter for a more comprehensive opinion. Nonetheless, while the District Court provided just enough detail for us to render a decision in this case, it cannot be overlooked that perfunctory treatment of the factual record does not comport with the spirit of the supervisory rule that we announced in
 
 Forbes v. Township of Lower Merion
 
 ,
 
 313 F.3d 144
 
 (3d Cir. 2002). In
 
 Forbes
 
 , we observed that providing only "spare comments" in a qualified immunity denial "greatly hampered" our ability to conduct meaningful appellate review.
 

 Id.
 

 at 148
 
 . We therefore
 expressly set forth a rule applicable to all qualified immunity decisions: "we ... require the District Courts to specify those material facts that are and are not subject to genuine dispute and explain their materiality."
 

 Id.
 

 at 146
 
 .
 

 Forbes
 
 has been the rule of our Court for well over a decade and a half, and remains so for good reason. A comprehensive and detailed summary judgment opinion, specifying those facts that are undisputed as well as those that are material and subject to genuine dispute, is vital-and often essential-to our meaningful review on appeal. I write to underscore the continued importance that our judges attach to compliance with the
 
 Forbes
 
 rule, and to discourage cursory footnote treatment of the factual record in qualified immunity decisions.